# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                       **Case No. 06-CR-104**

**MONTAE LEE,**
        **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Montae Lee pleaded guilty to possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g). The probation office prepared a pre-sentence report ("PSR"), which set defendant's base offense level at 20, U.S.S.G. § 2K2.1(a)(4)(A), added 2 because the gun had an obliterated serial number, § 2K2.1(b)(4), then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 19. Coupled with a criminal history category of IV, the PSR set an imprisonment range of 46-57 months under the advisory sentencing guidelines.

Upon consideration of the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I decided to impose a sentence below the range. In this memorandum, I set forth the reasons.

### I. SENTENCING FACTORS

In imposing sentence, the court must consider the § 3553(a) factors:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>> (B) to afford adequate deterrence to criminal conduct;
>
>> (C) to protect the public from further crimes of the defendant; and
>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2). I typically group the factors into three categories, analyzing the nature of the offense, the character of the defendant, and the statutory purposes of sentencing in light of the specific circumstances of the case. I then determine the appropriate sentence, taking into account the types of sentences available and the guideline recommendation, while attempting to avoid unwarranted disparity.

## II. DISCUSSION

### A. Nature of Offense

At about 1:20 a.m. on April 5, 2006, police attempting to execute an arrest warrant came across defendant in the suspect's house. They observed defendant take a pistol from his waistband and place it behind a chair leg. Officers recovered the gun, which was unloaded and had an obliterated serial number. Because defendant had previously been convicted of felony drug offenses, he could not lawfully possess a firearm.

2

In a Mirandized statement, defendant told officers that he saw a child playing with the gun the previous afternoon, so he took it to make sure no one got hurt. He said that he tried to hide the gun from the police when they entered the house because he knew he should not have it.

**B.    Character of Defendant**

Defendant was nearly twenty-seven years old, with a modest prior record including convictions for possession with intent to deliver cocaine in 1999[1] and two marijuana possession cases from 2003.[2] Defendant dropped out of high school but later got his HSED while in prison on the cocaine charge. He had a significant employment record, having worked for McDonald's from 2003 to 2006 and other fast food places before that. His employer seemed to like him, and he served as an assistant manager directing other employees. Defendant filed taxes from 2002 to 2005. Thus, in the three years preceding this offense defendant lived a pro-social life.

Defendant was not married and had no children. He did have some issues with substance abuse. Prior to his 1999 arrest, he used cocaine and marijuana, but he completed a treatment program in prison. After his release in 2000, he eventually returned to use of marijuana, resulting in his 2003 arrests. His first drug test on pre-trial release in this case was positive for THC, but all thirteen subsequent tests were negative. He performed well on pre-

---

[1] The court sentenced defendant to two years in prison for this offense, but he was paroled after serving a little over a year. He successfully completed parole and was discharged in 2001.

[2] Although these were simple possession cases, they were classified as felonies under state law due to defendant's prior drug case. The court sentenced defendant to 90 and 130 days in jail, respectively, on these two convictions. With a total of 7 criminal history points (3 on the cocaine case and 2 for each of the marijuana cases), defendant fell into criminal history category IV under the guidelines.

3

trial release, working steadily and making all appointments. He had a good relationship with his mother, who appeared in court on his behalf, and with his father, with whom he lived and whom he helped around the house.

**C.      Purposes of Sentencing**

Given the absence of any violence in his record, his conduct over the past three years and the circumstances of this case, I found that defendant was not dangerous or a risk of recidivism. He did have some substance abuse issues, but given his performance on pre-trial release, such needs could be addressed outside a confined setting. These purposes of sentencing suggested a sentence served primarily in the community. However, there was a need for a period of confinement to promote respect for law and deter other felons from weapon possession. Guns pose a serious problem in our community, which required me to send defendant to prison.

**D.      Consideration of Guidelines**

The guidelines called for a term of 46-57 months. Under the particular circumstances of this case, a sentence within the range was greater than necessary. First, the offense was mitigated. While defendant was a felon, he had no history of firearm possession or violence, the gun was unloaded, and there was no evidence that defendant was carrying the firearm around, brandishing it or sought to do anything with it at all. While the government was skeptical of defendant's explanation as to how he came into possession of the gun, it had no evidence to contradict it, or any evidence that defendant was known to carry a gun. Further, although the pistol had an obliterated serial number, there was no evidence that defendant removed the number or was aware of this characteristic of the weapon when he obtained it.

4

Finally, defendant's record and the circumstances of his possession did not suggest the type of danger Congress sought to address with the felon-in-possession statute and the Commission in setting substantial prison sentences in the applicable guideline.

Second, defendant's range was quite high based on his prior drug trafficking conviction, which resulted in a base offense level of 20. However, the particulars of that conviction, as described by the PSR, did not reflect a serious dealer. Defendant bought sixteenth ounce quantities of cocaine for $50, some of which he smoked, the remainder of which he sold to get his money back. This reflected someone whose dealing was incidental to his own usage. And, there was no indication of weapon possession in that case or defendant's other drug possession cases.

Third, the guidelines did not account for defendant's positive personal qualities, including his solid employment record and pro-social life over the past three years. I was particularly impressed by defendant's conduct while this case was pending: he worked hard, made all of his appointments and abstained from drug use. This was a continuation (indeed, an improvement) of his conduct since his previous brushes with the law in 2003, and there was no reason to believe that he could not continue to succeed. As defendant noted in his allocution, he had plans for the future and was determined to succeed upon his release.

## III. CONCLUSION

Under all of the circumstances, I found a sentence of 27 months sufficient but not greater than necessary to satisfy the purposes of sentencing. This sentence provided a graduated penalty from the two year sentence defendant received for drug distribution in 1999 and was sufficient to satisfy the needs for punishment and general deterrence, while recognizing the mitigating factors discussed above, including the absence of a need to protect

5

the public.

Because the sentence was based on the particular facts of the case, it did not create unwarranted disparity. As noted above, defendant's 1999 drug trafficking conviction was indicative of a user rather than a dealer, and the instant sentence was consistent with the guideline range applicable to a defendant without a history of violent crimes or serious controlled substance offenses in criminal history category IV (base level 14, U.S.S.G. § 2K2.1(a)(6), plus 2 under § 2K2.1(b)(4), minus 2 for acceptance of responsibility, § 3E1.1, producing a range of 27-33 months). Given my evaluation of defendant's character and the circumstances of the offense, defendant was more accurately compared to other defendants in that range.

Therefore, I committed defendant to the custody of the Bureau of Prisons for 27 months. I recommended that he be placed at an institution as close to Milwaukee as possible to ensure continued family contact, and that he participate in any substance abuse programs available. Upon his release, I ordered defendant to serve a two year supervised release term, with a drug testing and treatment condition. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge